## Holloway Estate (No. 2)

*Otis W. Erisman* and *Truscott & Erisman,* for accountants.

*Edward M. David,* for contra.

*S. Regen Ginsburg,* for exceptant.

### ADJUDICATION

KLEIN, Adm. J., May 12, 1970.—The reason for the filing of the present account is the death of William Evans Holloway, life tenant, on December 3, 1968, whereupon, under the terms of the will of testator, the trust terminated. Letters testamentary are stated to have been granted Adrienne G. Holloway by the Superior Court of the State of California for the County of Los Angeles.

All parties in interest are stated to have received notice of this audit. Proof of compliance with rule 5, sec. 5, of the Supreme Court—Orphan's Court Rules relating to notice to the Attorney General of the Commonwealth of Pennsylvania in cases involving charitable gifts, is annexed.

Harry D. Holloway died on March 15, 1939, leaving a will which was dated June 25, 1938. In item 9 of his will he provided:

"ITEM 9. I give, devise and bequeath unto my Trustees hereinafter named and their successors, Three Thousand (3,000) shares of the Common Stock of the Girard Investment Company, (which is the equivalent of $30,000.00); IN TRUST, nevertheless, to invest, re-invest and keep invested (subject as hereinafter provided), and to collect the' income therefrom arising and to pay the same unto my former wife, NELLIE D. HOLLOWAY, for and during the term of her natural life, free and clear of her debts, contracts, engagements, alienations and anticipations, and free and clear of all levies, attachments, executions and sequestrations . . .

"Upon the death of Nellie D. Holloway, I direct that the income of this Trust shall be paid to my son, WILLIAM EVANS HOLLOWAY, for and during the term of his natural life, upon the same terms and conditions as provided for in the Trust herein created for him under Item 8, and upon his death, I direct that the corpus of this Trust Fund shall fall into and become part of my residuary estate."

Item 8 of the will provided:

"ITEM 8. I have provided generously for my son, WILLIAM EVANS HOLLOWAY, during my lifetime, but I now give, devise and bequeath unto my Trustees hereinafter named, and their successors, Four Thousand (4,000) shares of the Common Stock of the Girard Investment Company, (which is the equivalent

of $40,000.00), and the said corpus as so composed is to be retained as long as in the judgment of my trustees is proper and for the best interest of the trust herein created; IN TRUST, nevertheless, to invest, re-invest and keep invested (subject as hereinbefore and hereinafter provided) to collect the income therefrom arising and to pay the same to my son, WILLIAM EVANS HOLLOWAY, for and during the term of his natural life, free and clear of his debts, contracts, engagements, alienations, anticipations and free and clear of all levies, attachments, executions and sequestrations. If any attachment or sequestration for support order is placed upon the income of this fund, then, so long as the attachment exists or remains in effect, I direct that the income shall not be payable to my son, WILLIAM EVANS HOLLOWAY, but shall be paid as I have hereinafter directed the income from my residuary estate to be paid.

"I direct that the investments or re-investments of the corpus of the herein provided for Trust Fund, shall be made only in legal securities, provided, however, that no part of the corpus of the said Trust Fund shall at any time be the subject of investment or investments in mortgages, bonds or evidences of indebtedness, secured upon any club building, hotel, apartment, house, garage or office building.

"I direct further that no single original investment of the corpus or any part of the trust herein provided for, shall exceed the sum of $10,000.00.

"I direct that any and all investments or re-investments shall only be made by and with the consent and approval of all of my Trustees hereinafter named.

"Upon the death of my said son, William Evans Holloway, leaving living issue, I direct that the said net income shall be paid to said child or children

equally, share and share alike, until they shall respectively attain the age of twenty-one years, at which time I direct the corpus of the said Trust Fund shall pass to and vest in said child or children equally, share and share alike. In the event my son dies without leaving issue, I direct that the corpus of the Trust Fund hereinbefore provided for, shall fall into and become part of my residuary estate."

William Evans Holloway, testator's son, died on December 3, 1968, a resident of Los Angeles, Calif., at the age of 78 years. He had been married three times. His first two marriages were dissolved by divorce. Two children, who died in his lifetime, were born of his first marriage. No children were born of his other two marriages. He was survived by his third wife, Adrienne Holloway.

On November 4, 1968, William and his wife Adrienne, who is now 79 years of age, adopted Evelyn Williams Hay in the Superior Court of the State of California for the County of Los Angeles. At the time of the adoption, William was in his terminal illness with cancer of the liver, which prevented him from appearing in court. He died less than a month later. Evelyn, the adopted child, is 67 years of age, married and the mother of two children who are in their forties.

The following questions have been raised by the accountant in the schedule of proposed distribution for determination by the court:

"1. whether the phrase in the last paragraph of Item 9 'upon the same terms and conditions as provided for in the Trust herein created for him under Item 8' refers only to the spendthrift provisions under Item 8 or whether the phrase refers to the distribution of the remainder upon the death of William Evans Holloway provided for in the last paragraph of Item 8.

"2. whether the purported adoption of Evelyn

Williams Hay by William Evans Holloway and his wife, Adrienne Gully Holloway, is valid and whether, assuming arguendo the validity of the adoption, Evelyn Williams Hay qualifies as a remainderman of the trust, i.e. whether she is a 'child' of William Evans Holloway."

The accountants recommend to the court the interpretation that the phrase "upon the same terms and conditions as provided for in the Trust herein created for him under Item 8" refers only to the spendthrift provisions pertaining to the life estate of William Evans Holloway and not to the remainder provisions of the last paragraph of item 8; and that even assuming arguendo that the remainder provisions of the last paragraph of item 8 are incorporated by reference in item 9, Evelyn Williams Hay does not qualify as a remainderman and that the corpus, therefore, falls into the residuary estate. The auditing judge is in full agreement with the accountants' recommendations.

The cardinal rules for interpretation of testamentary writings were enumerated by Chief Justice Bell in Burleigh Estate, 405 Pa. 373 (1961), in the following oft-quoted language, at page 376:

"It is now hornbook law (1) that the testator's intent is the polestar and must prevail; and (2) that his intent must be gathered from a consideration of (a) all the language contained in the four corners of his will and (b) his scheme of distribution and (c) the circumstances surrounding him at the time he made his will and (d) the existing facts; and (3) that technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain: [cases cited]."

With these rules in mind, we approach the problem at hand.

When Harry D. Holloway executed his will on June 25, 1938, he was divorced from his wife, Nellie D. Holloway. Their only child, William Evans Holloway, was having difficulties at the time with his second wife, Lillian. Indeed, the record shows that by decree dated June 11, 1937, the then Municipal Court of Philadelphia attached the income of William Evans Holloway under a warrant of seizure, issued at the instance of Lillian Holloway, directing the payment of 90 percent of such income, not exceeding $540 each quarter year, to the clerk of the court: Commonwealth v. William Evans Holloway et al., Philadelphia Municipal Court, April term, 1937, no. 43. Pursuant to this decree, the income payable to William Evans Holloway under an irrevocable deed of trust executed by Harry D. Holloway on July 10, 1935, was made subject thereto in the adjudication of Bolger, J., dated October 30, 1941, no. 776 of 1940.

Under these circumstances, testator's intention seems to be clear. He wanted his son to receive the income from the trust set up for his estranged wife, but he wanted it to be subject to strict spendthrift limitations so that the income could not be sequestered or attached by creditors or feuding spouses. Nothing in testator's language suggests that he intended his son William or William's issue to receive any of the corpus of this trust. The gift of income to the son as succeeding life tenant was made "upon the same terms and conditions as provided for in the trust herein created for him under Item 8 . . ." It was for the term of his natural life and testator directed that upon his death "the corpus of this trust fund shall fall into and become part of my residuary estate." This language is clear and free from doubt and no technical rules or canons of construction are needed to ascertain its meaning.

But even if we assume for the sake of argument, and only for this purpose, that the gift of the remainder set forth in item 8 of the will is likewise applicable to item 9, Evelyn Williams Hay, the adopted daughter of William Evans Holloway, would not be entitled to take any portion of the trust. Since Harry D. Holloway died in 1939, the interpretation of his will is controlled by the Wills Act of 1917. The law is well settled that under that statute a child adopted after the date of the execution of a will does not take thereunder unless he was included therein expressly or by necessary implication. This is not such a case. Holton Estate, 399 Pa. 241 (1960), controls.

In an adjudication filed this day in the accounting of the trust created under item 8, we have reviewed this question in considerable detail. We incorporate herein what we said there. Accordingly, the claim of Evelyn Williams Hay is dismissed.

Frank F. Truscott, one of the trustees and accountants, died on December 5, 1969, and letters of administration were granted to Otis W. Erisman and The First Pennsylvania Banking and Trust Company. We are informed that an account has been filed for the residuary trust, of which Mr. Truscott was also a trustee, and that at the audit of that account the court will be asked to appoint a substituted trustee for him . . .

And now, May 12, 1970, the account is confirmed nisi.

## OPINION SUR EXCEPTIONS
## TO ADJUDICATION

PER CURIAM, October 28, 1970.—At the bar of the court upon argument the attorney for Evelyn Williams Hay stated that the exceptions filed by

him in her behalf were withdrawn with respect to the award of the court under item 9 of decedent's will.

The adjudication of the learned auditing judge dated May 12, 1970, relating to item 9 is confirmed absolutely.